UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:26-CR-7-KAC-DCP |
| MARTEL DANWON HARRIS, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Martel Harris's Motion to Continue Trial and Relevant Deadlines [Doc. 21], filed on February 12, 2026.

Defendant asks the Court to continue the March 17 trial date,[1] the February 13 plea deadline, and all relevant dates [*Id*.]. In support of his motion, Defendant states that the parties are in plea negotiations, and defense counsel needs time to confer with Defendant about factual and legal issues relevant to a negotiated resolution [*Id*. ¶ 1]. Defendant contends that more time is needed for the parties to explore fully the issues relating to a plea agreement [*Id*. ¶ 2]. The motion states that counsel has explained the right to a speedy trial to Defendant, who understands that the time between filing this motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id*. ¶ 3]. The motion relates that the Government does not oppose a continuance [*Id*. ¶ 4].

---

[1] Defendant incorrectly states the trial date is March 10, 2026 [Doc. 21 p. 1; *see* Doc. 12, Minutes].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to engage in plea negotiations, and if those negotiations are not fruitful, to otherwise prepare for trial. The Court finds that all of this cannot occur before the March 17, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and Relevant Deadlines [**Doc. 21**]. The trial of this case is reset to **June 23, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on February 12, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial and Relevant Deadlines [**Doc. 21**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 23, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 12, 2026**, and the new trial date of **June 23, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 22, 2026**;

(5) the deadline for filing motions *in limine* is **June 8, 2026**, and responses to motions *in limine* are due on or before **June 16, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 9, 2026, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 12, 2026**.

**IT IS SO ORDERED.**

ENTER:

_/s/ Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge